*J. H. Lewis, for appellant.*

---

## MARY F. STROWD *v.* STANLEY & SON, ET AL.

**Husband and Wife—Husband's Rights in Wife's Land—Married Women —Husband's Creditors.**

> Under the statutes the husband has the power to rent the wife's land for not more than three years at a time and receive the rent. He may mortgage the crops on such land resulting from his own labor.

**Married Women.**

> If a married woman desires to secure the fruits of her own labor or accumulations, she must in conjunction with her husband pursue the mode pointed out by the statute authorizing her to trade as feme sole.

**Husband's Creditors.**

> Secret transactions between husband and wife, when the wife is not authorized to trade as a feme sole, are not to be regarded with favor nor allowed to defeat the husband's creditors.

### APPEAL FROM WARREN CIRCUIT COURT.

March 2, 1876.

OPINION BY JUDGE PRYOR:

The conveyance to the wife of one of the tracts of land gives to her a general estate, and as to the other title it is in the husband. The husband has the power by an express provision of the statute to rent the wife's land for not more than three years at a time and receive the rent, and if so, we cannot well see why he may not mortgage the crop upon it resulting from the proceeds of his own labor or that of his wife. The husband is entitled to the wife's earnings, and if she desires to secure the fruits of her own labor or what she may accumulate in the way of personalty she must in conjunction with her husband pursue the mode pointed out by the statute author-

izing her to trade as feme sole. *Uhrig, et al., v. Horstman & Sons,* 8 Bush 172.

The husband states that he purchased the land upon which the tobacco was raised and paid for it in corn, and a mare and colt, except $130, upon the promise by the wife that she would refund him the money and take the land, which she did; that he expected her to pay for it when he made the purchase with her money. Such transactions between husband and wife, with no evidence of record to notify purchasers and creditors of the claim of the wife, are not to be regarded with much favor, and particularly when the creditor has sold to the husband and wife goods that were no doubt necessary for the comfort of the family. While the general estate of the wife will not be sold except as authorized by statute for debts created by herself and husband, still the products of the general estate will be, for the reason that the husband is entitled to the rent, and for the additional reason in this case that the goods furnished by the appellees contributed to the support of the family.

There is no record evidence of any authority to invest the wife's money in this land or to create a separate estate in the wife, and from the proof in the case we are not disposed to give it the character of separate estate in order to defeat the claims of creditors. The horses with which the crop was cultivated cannot be adjudged to belong to the husband, although they may have been claimed by the wife, in a contract between the wife and the creditors of the husband. It may be that the wife is entitled to the land as against the husband, and if so she should take such steps as will secure it against the claims of future creditors.

The judgment is not prejudicial to the appellant, and must be *affirmed.*

*H. J. Beauchamp, for appellant.*
*J. H. & J. M. Wilkins, for appellees.*